# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**524**

**CA 10-02314**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF THOMAS H. ROWE, PATRICIA H.
ROWE, PAT PECKINPAUGH MCDONALD, DAVID PECKINPAUGH,
JANET PECKINPAUGH PRY, JAY SUMMERVILLE, DEBRA A.
DINNOCENZO AND RICHARD B. SWEGAN,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

TOWN OF CHAUTAUQUA, JEFFREY M. PADDOCK, IN HIS
OFFICIAL CAPACITY AS CODE ENFORCEMENT OFFICER
OF TOWN OF CHAUTAUQUA, CHAUTAUQUA INSTITUTION
ARCHITECTURAL REVIEW BOARD, CHAUTAUQUA
INSTITUTION, CHARLES HEINZ, IN HIS OFFICIAL
CAPACITY AS HEAD OF ADMINISTRATIVE AND COMMUNITY
SERVICES, ROBERT BOWERS AND PAMELA BOWERS,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (BENJAMIN M. ZUFFRANIERI, JR., OF COUNSEL),
FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

HARTER SECREST & EMERY LLP, BUFFALO (MARC A. ROMANOWSKI OF COUNSEL),
SEACHRIST LAW OFFICES, P.C., WESTFIELD (JOEL H. SEACHRIST OF COUNSEL),
PRICE FLOWERS MALIN WESTERBERG, JAMESTOWN, AND SCHAACK & NELSON,
MAYVILLE, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered September 9, 2010 in a CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the petition/complaint (denominated petition).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the petition/complaint insofar as it seeks declaratory relief and granting judgment in favor of respondents-defendants as follows:

It is ADJUDGED and DECLARED that respondent-defendant
Chautauqua Institution is not a public body and is not
subject to the requirements of New York's Open Meetings Law

and as modified the judgment is affirmed without costs.

Memorandum: Petitioners-plaintiffs (hereafter, petitioners) commenced this hybrid CPLR article 78 proceeding/declaratory judgment

action seeking, inter alia, to annul the determination approving the demolition of an existing cottage and permitting the construction of a two-family home on property owned by respondents-defendants Robert and Pamela Bowers and located on the grounds of respondent-defendant Chautauqua Institution (Institution).  As Supreme Court properly determined, the Institution and its Architectural Review Board (ARB), also a respondent-defendant, are not subject to the requirements of New York's Open Meetings Law (Public Officers Law § 100 *et seq.*), and thus cannot be said to have violated any requirements therein.

The Open Meetings Law applies to "[e]very meeting of a public body" (§ 103 [a]) and, in order to constitute a public body, an entity must be "performing a governmental function for the state or for an agency or department thereof" (§ 102 [2]).  "While an entity must be authorized pursuant to state law to be within the ambit of the Open Meetings Law and the Freedom of Information Law, not every entity whose power is derived from state law is deemed to be performing a governmental function" (*Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528).  Here, the Institution was established by the Legislature in order to create a private, not-for-profit corporation with quasi-governmental functions for purposes of regulating the activity on its grounds in furtherance of the Institution's stated purposes.  The Legislature did not, however, empower the Institution to act on the State's behalf with respect to such functions.  Because the court dismissed the petition/complaint (denominated a petition) without issuing a declaration concerning the Open Meetings Law, we thus modify the judgment by reinstating the petition/complaint to the extent that it seeks declaratory relief (*see Tumminello v Tumminello*, 204 AD2d 1067), and by declaring that the Institution is not a public body and is therefore not subject to the requirements of the Open Meetings Law.

We reject petitioners' further contention that respondent-defendant Town of Chautauqua and its code enforcement officer (collectively, Town respondents) improperly delegated their zoning authority and effectively granted veto power to the Institution and the ARB with respect to the issuance of building permits.  " 'The use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and distinct matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement' " (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 432, quoting *Matter of Friends of Shawangunks v Knowlton*, 64 NY2d 387, 392).  The Town respondents established that they did not delegate their authority to the Institution or the ARB and that, to the extent that the Town respondents determined whether Institution approval was obtained prior to the issuance of a building permit, they did so in order to promote efficiency by reducing the possibility that there would be multiple building permit applications for the same property.  We have reviewed petitioners' remaining contentions and conclude that they are without merit.

Entered:  May 6, 2011                              Patricia L. Morgan
                                                   Clerk of the Court